Colin M. Rubich
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**
OCT 19 2015
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 15-73-BLG-SPW |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| MERRILL CLARK GARDNER, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Colin M. Rubich, Assistant United States Attorney for the District of Montana, and the defendant, MERRILL CLARK GARDNER, and his attorney, Leo Sanford Selvey, II, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's

1    AUSA    DEF    ATTY    Date

Office for the District of Montana and defendant. It does not bind any other federal, state, or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.  **Charges:** Defendant agrees to plead guilty to Count I of the Indictment, which charges the crime of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846. This offense carries a mandatory minimum 10 years to 40 years imprisonment, a $5,000,000 fine, at least four years supervised release, and a $100 special assessment. The defendant also agrees to concede the forfeiture of any interest he may hold in the items of property described in the criminal forfeiture allegation in the Indictment. At the time of sentencing, the United States will move to dismiss Count II of the Indictment, if the Court accepts this plea agreement.

3.  **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss Count II of the Indictment, and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and Count II is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow

2  AUSA  DEF  ATTY  Date

the recommendations made by the United States.

4.     **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of Count I. In pleading guilty to Count I, the defendant acknowledges that:

> **First**, on or about January of 2013 and continuing to on or about June 18, 2015, there was an agreement between two or more persons to commit the offense of possession with intent to distribute methamphetamine; and
>
> **Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.
>
> **Third**, the amount of methamphetamine that fell within the scope of the defendant's agreement with his coconspirators or was otherwise reasonably foreseeable to the defendant was at least 500 grams of a substance or mixture containing a detectable amount of methamphetamine.

5.     **Waiver of Rights by Plea:**

(a)     The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)     The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

3     AUSA     DEF     ATTY     Date

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for

4  AUSA  DEF  ATTY  Date

the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the

5 AUSA DEF ATTY Date

defendant's offense level be decreased by two levels for acceptance of responsibility, under USSG § 3E1.1(a), and will move for an additional one-level, reduction under USSG § 3E1.1(b), if appropriate under the Guidelines, unless the defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments and sentencing recommendations at the time of sentencing. The defendant understands that the court is not bound by any party's recommendations to the Court.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence:** The defendant acknowledges that 18 U.S.C. § 3742(a) affords his the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the defendant waives his right to appeal any aspect of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation. The United States waives its right to appeal any aspect of the sentence if it has no objection to

6    AUSA    DEF    ATTY    Date

the calculation of the guidelines and the sentence imposed is within or above the range provided for by that calculation.

**9. Loss of Federal Benefits (Mandatory in Drug Cases):** The defendant acknowledges that, based on his plea of guilty to a federal controlled substances crime, he is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

**10. Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**11. Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a

7   AUSA   DEF   ATTY   Date

debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

**12. Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(1), the defendant acknowledges that he will be detained upon conviction unless the Court finds, by clear and convincing evidence, that he will not likely flee or pose a danger to the community.

**13. Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**14. Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

8     AUSA     DEF    ATTY    Date

MICHAEL W. COTTER
United States Attorney

_____
COLIN M. RUBICH
Assistant U. S. Attorney


_____
MERRILL CLARK GARDNER
Defendant

_____
LEO SANFORD SELVEY, II
Defense Counsel
for Merrill Clark Gardner

_____
PAULA SAYE, SAYE LAW pllc
Co- Defense Counsel for
Merrill Clark Gardner

9   AUSA   DEF ATTY   Date   10-14-15
                              10/14/15