

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED NOV 1 9 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>MERRILL CLARK GARDNER,<br><br>Defendant/Movant. | Cause No. CR 15-073-BLG-SPW<br>CV 18-119-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Merrill Clark Gardner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Gardner is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On June 17, 2015, law enforcement officers monitored a transaction in which Gardner sold one and a quarter pounds of methamphetamine to a confidential source. The following day, while executing a search warrant at his residence, officers found another pound and a quarter and $102,000 in cash. In a consent search of a neighbor's property, they found three more packages of a pound and a quarter each. Gardner's neighbor said Gardner paid him to store Gardner's meth on the neighbor's property. *See* Aff. in Supp. of Compl. (Doc. 1-1) at 1–3 ¶¶ 1–6; Sentencing Tr. (Doc. 88) at 9:2–4. This methamphetamine, totaling over 2.8 kilograms, was 97% pure. *See* Presentence Report ¶ 21.

On July 1, 2015, a grand jury indicted Gardner on one count of conspiring to possess with intent to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of possessing with intent to distribute the same, a violation of 21 U.S.C. § 841(a)(1) (Count 2). *See* Indictment (Doc. 4) at 2. The conspiracy was alleged to have endured from January 2013 to June 2015. Gardner retained attorneys

Sandy Selvey and Paula Saye. *See* Notice of Appearance (Doc. 14).

On October 19, 2015, the parties filed a fully executed plea agreement. Gardner agreed to plead guilty to Count 1. The United States agreed to dismiss Count 2 and to recommend a three-level reduction for acceptance of responsibility. Both parties conditionally agreed to waive appeal of the sentence. *See* Plea Agreement (Doc. 30) at 2–3 ¶¶ 2–4, 5–6 ¶ 6, 6–7 ¶ 8. Gardner asked for more time to consider and was given a two-week continuance. *See* Minutes (Doc. 33); Change of Plea Tr. (Doc. 86) at 4:17–21. On November 20, 2015, Gardner pled guilty in open court. *See* Minutes (Doc. 36).

On February 10, 2016, Selvey and Saye withdrew. A Criminal Justice Act attorney, Brian Fay, was appointed in their stead. *See* Order (Doc. 48). On April 18, 2016, attorneys Larry Jent and Herman "Chuck" Watson appeared for Gardner. *See* Notices of Appearance (Docs. 57, 59).

Sentencing was held on July 28, 2016. Gardner's base offense level was 38. He received a four-level enhancement as a leader/organizer and a three-level reduction for acceptance of responsibility. His total offense level was 39. With a criminal history category of I, his advisory guideline range was 262 to 327 months. *See* Statement of Reasons (Doc. 75) at 1 § III; Presentence Report ¶¶ 26–36, 41–42, 67–68; U.S.S.G. ch. 5 Part A (Sentencing Table). On the United States' motion, the offense level was reduced by four levels, or about 30%. Gardner was

3

sentenced to serve 183 months in prison, to be followed by a five-year term of supervised release. *See* Sentencing Tr. (Doc. 88) at 43:6–13; Judgment (Doc. 74) at 2–3.

Again represented by new counsel, Gardner appealed the leader/organizer enhancement. The sentence was affirmed. *See* Mem. (Doc. 92) at 2, *United States v. Gardner*, No. 16-30183 (9th Cir. Aug. 14, 2017). Gardner's conviction became final on November 12, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on July 29, 2018. *See* Mot. § 2255 (Doc. 95) at 12; 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Gardner alleges his counsel were ineffective in various respects. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Gardner must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### A. Role in the Offense

Gardner seeks a new sentencing hearing so the Court can consider his own

description of his role in the offense. Counsel challenged the role adjustment at sentencing, *see* Sentencing Tr. at 5:12–23:9, and also on appeal. The issue was resolved against Gardner. He presents no reason, other than his evident disagreement, to revisit the matter. *See United States v. Renteria*, 557 F.3d 1003, 1006–07 (9th Cir. 2009); *United States v. Phillips*, 367 F.3d 846, 856 & nn.32–35 (9th Cir. 2004); *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). The Court made detailed findings on the applicable criteria, *see* Sentencing Tr. at 25:22–30:19, and Gardner's new allegations add nothing weighty to the evidence already reviewed. Neither prong of the *Strickland* test is met. This claim is denied.

### B. Government Motion

Gardner also says he has "received much verbal abuse" and has "come close to being physically harmed due to my cooperation." Mot. § 2255 (Doc. 95-1) at 6. He believes that counsel should have warned him this would happen. He also asserts that counsel "failed to represent Petitioner's assistance as significant, and worthy of a significant sentence reduction with the government motioning the court." *Id.* He asserts "[t]he government never entered a downward departure motion into Court on my behalf." *Id.* at 15; *see also id.* at 17–18. And he claims that he "was expecting 40 to 50 percent off my sentence." *Id.* at 6.

The United States did file a motion. It was granted. That is why, instead of

receiving a sentence between 262 and 327 months, Gardner received a sentence of 183 months. There is no reasonable probability that Gardner would not have cooperated and would have faced a sentencing range of 262 to 327 months, rather than 168 to 210 months, had he known how he might be treated by other inmates or had he known he would receive a 30% reduction rather than 40% to 50%. And there is no realistic possibility, much less a reasonable probability, he would have decided to take his chances at trial, as a conviction at trial was virtually certain and his resulting guideline range likely would have been 360 months to life.

Neither prong of the *Strickland* test is met. This claim is denied.

### C. Other Allegations

Gardner submitted two supplements in November 2018. The Court has reviewed all of his submissions but finds no cognizable grounds for relief under 28 U.S.C. § 2255. Gardner is unhappy with his sentence, but he has not identified any legal error in it or any fact previously unknown to the Court that could alter the balance of the evidence presented at the time of sentencing.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Gardner does not meet the standard. He entirely overlooks the fact that his advisory guideline sentencing range was 262 to 327 months. Had he gone to trial and been convicted, it would have been 360 months to life. He was sentenced to 183 months. Given the very large quantity of methamphetamine Gardner dealt, *see* Sentencing Tr. (Doc. 88) at 39:7–17, the sentence he received is the best he could reasonably hope for. He does not identify any defense or any fact that was not considered but might have reduced his sentence even more. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Gardner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 95, 97, 98) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Gardner files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-119-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Gardner.

DATED this 19th day of November, 2018.

/s/ Susan P. Watters
Susan P. Watters
United States District Court